# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE JOYNER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00526 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **M. BYINGTON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Christopher Lee Joyner, Pro Se Plaintiff; Margaret Hoehl O'Shea, Office of the Attorney General, Richmond, Virginia, for Defendants.*

This pro se prisoner civil rights action under 42 U.S.C. § 1983 is scheduled for a jury trial in this court in Abingdon, Virginia, on May 18 and 19, 2017, on the plaintiff's claims of excessive force and bystander liability against defendants Byington, Kirby, Satterfield, and Coleman. After consideration of the circumstances and applicable law, I conclude that the plaintiff's participation in this trial in person is infeasible and that his participation via videoconferencing from his current place of incarceration is an acceptable alternative method of proceeding.

The events at issue occurred while the plaintiff, Christopher Lee Joyner, was incarcerated at Wallens Ridge State Prison ("Wallens Ridge"), a Virginia Department of Corrections ("VDOC") prison facility located in Big Stone Gap,

Virginia.  Thereafter, under an interstate compact, VDOC officials transferred Joyner to a prison facility in Illinois.  VDOC public records indicate that Joyner is serving a lengthy term of imprisonment, with an estimated release date of December 10, 2094.

A prisoner plaintiff in a § 1983 action has no absolute right to be physically present at the jury trial of his case.  *Muhammad v. Warden, Balt. City Jail*, 849 F.2d 107, 111-12 (4th Cir. 1988).[1]  "[I]f securing the prisoner's presence, at his own or public expense, is determined to be infeasible," the court must consider "other reasonably available alternatives."  *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) (citing *Muhammad*, 849 F.2d at 111, 113).  I am constrained to consider the following factors in choosing an alternative means of conducting the trial in such circumstances:

---

[1] The Fourth Circuit summarized the interests at stake:

> Ideally, of course, such a plaintiff should be present at the trial of his action, particularly if, as will ordinarily be true, his own testimony is potentially critical.  Not only the appearance but the reality of justice is obviously threatened by his absence.  The law recognizes this of course, but it also recognizes that there are countervailing considerations of expense, security, logistics, and docket control that prevent according prisoners any absolute right to be present. *See Price v. Johnston*, 334 U.S. 266, 285-86[] (1948) (incarceration is a valid basis for qualifying the right personally to plead and manage one's own cause in federal court); *see also Wolff v. McDonnell*, 418 U.S. 539, 576[] (1974).  That an incarcerated litigant's right is necessarily qualified, however, does not mean that it can be arbitrarily denied by dismissal or indefinite stays; the law requires a reasoned consideration of the alternatives.

*Muhammad*, 849 F.2d at 111-12.

> (1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding . . . offer an acceptable alternative.
>
> (2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.
>
> (3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.

*Id.* at 113.

The Prison Litigation Reform Act of 1996 encourages courts to utilize audio and video technology to contain costs in prisoner litigation:

> To the extent practicable, in any action brought with respect to prison conditions . . . by a prisoner . . ., pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined.

42 U.S.C.A. § 1997e(f)(1). This court has successfully utilized video conferencing for pretrial proceedings, evidentiary hearings, and witness testimony for jury trials in the past.

This court has also used video conferencing for the plaintiff in jury trial proceedings. In the *Edwards* case, circumstances mirrored those in the current one. Plaintiff Edwards, a Virginia inmate, alleged excessive force claims under § 1983 against Virginia prison officials. After filing suit, Edwards was transferred to a prison facility in New Mexico under an interstate compact. Defense counsel

moved to have the trial conducted via video conferencing, with Edwards to remain in New Mexico. I found it clear that procuring Edwards' physical presence at trial or continuing the trial until his release were infeasible options. Counsel estimated that the cost of transporting Edwards back to Virginia would be nearly $9,000, and Edwards had ten years of prison time yet to serve. Considering the *Muhammad* factors, I determined that Edwards' participation in the trial via video conferencing was the most reasonable alternative among the options, and I successfully conducted the trial in this manner.

Given the sharp disputes between the parties' accounts of the events at issue, this case cannot be justly tried without Joyner's participation. Clearly, continuing this case until Edwards' release from prison "will prejudice his opportunity to present his claim[s]" and "the defendant[s'] right to a speedy resolution of the claim[s]" against them. *Muhammad*, 849 F.2d at 113. I also find it self-evident that the costs to securely transport Joyner to and from Virginia and safely house him during the trial would be far higher than the costs estimated for these measures in the *Edwards* case. Joyner is proceeding in forma pauperis, and the record offers no indication that he is capable of paying such costs himself. On the other hand, upon inquiry, the court is advised that officials at the prison facility in Illinois where Joyner is confined are willing and able to arrange for his participation in the trial via video conferencing at no charge.

-4-

Case 7:15-cv-00526-JPJ-RSB  Document 60  Filed 03/01/17  Page 4 of 5  Pageid#: 276

I recognize that presenting argument and evidence to a jury and questioning and cross examining witnesses via video conferencing is not ideal. It will require the parties to plan ahead for exchange of documentary exhibits and other such matters that will be complicated somewhat by the arrangement. Under the *Muhammad* factors, however, I conclude that this alternative is the best available method by which to proceed with the scheduled jury trial in this case.

For the reasons stated, it is **ORDERED** that the plaintiff will participate at the trial of this case via video conferencing from the Illinois prison where he is now confined.

ENTER: March 1, 2017

/s/ James P. Jones
United States District Judge

-5-

Case 7:15-cv-00526-JPJ-RSB   Document 60   Filed 03/01/17   Page 5 of 5   Pageid#: 277